

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Jacob K. Javits Federal Building*
*26 Federal Plaza, 37th Floor*
*New York, New York 10278*

May 16, 2025

Defendant's bail revocation hearing will be held on **May 20, 2025** at **2:45 p.m.** in Courtroom 12B of the Daniel Patrick Moynihan Courthouse, 500 Pearl Street, New York, NY 10007.

The Clerk of Court is directed to terminate ECF No. 40.

SO ORDERED.

*Jennifer H. Rearden*
Jennifer H. Rearden, U.S.D.J.
Dated: May 18, 2025

**BY ECF**
The Honorable Jennifer H. Rearden
United States District Judge
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007

Re:   *United States v. Roger Mercedes*, 23 Cr. 336 (JHR)

Dear Judge Rearden:

The Government respectfully writes in response to the Court's May 13, 2025 order seeking the Government's position on whether the bail of Roger Mercedes, the defendant, should be revoked pursuant to 18 U.S.C. § 3142. (Dkt. 37). For the reasons stated below, the Government believes bail revocation is appropriate and respectfully requests that the Court proceed with the May 20, 2025 bail revocation hearing.

**I.   Background**

On January 23, 2025, the parties had an initial appearance on the pending violation of supervised release ("VOSR") at which the defendant was arraigned, and the Court modified the defendant's conditions of supervised release to include a curfew. (*See* Jan. 23, 2025 Minute Entry). On April 28, 2025, following the VOSR hearing in this matter, the Court stated, "I will release Mr. Mercedes under the same conditions that he is under with probation, including the curfew and location-based monitoring at probation's discretion." (Apr. 28, 2025 Tr. 53:25 – 54:2).

On May 3, 2025, the defendant's term of supervised release expired. On May 7, 2025, this Court issued a written order clarifying that the defendant's bail conditions under the Bail Reform Act are the same as his supervised release conditions, including a curfew and location-based monitoring as directed by the United States Probation Office, and that the defendant would continue to be supervised by Probation. (Dkt. 35).

Probation has set a curfew for the defendant of 8:00 p.m. to 8:00 a.m., which means that the defendant can leave his home at 8:00 a.m. and must be back in his home by 8:00 p.m.  For Probation to enforce the curfew and the related location monitoring conditions, the defendant is required to wear and charge an ankle monitor.  If the ankle monitor is not charged, Probation can neither locate the defendant nor enforce his curfew.

The defendant is not compliant with his bail conditions. The defendant last met with his Probation Officer, Alexandria Hirsch, in person on May 5, 2025. Although he occasionally responds to Officer Hirsch's text messages, the defendant regularly ignores outreach from Officer Hirsch, Officer Hirsch's supervisor, and the third-party company that assists Probation with its location monitoring enforcement.

The defendant failed to report for a drug test on May 12, 2025. Prior to that, the defendant has continued to test positive for the use of controlled substances. In particular, on April 25 and May 6, 2025, the defendant's urine tested positive for marijuana.

Throughout the month of May, the defendant has made no attempt whatsoever to comply with his curfew and indeed has violated it almost every day. And as outlined further below, the defendant's ankle monitor frequently has low battery and was completely dead for several days, rendering the device inoperable. According to Probation:

- On May 2, the defendant did not arrive home until 10:07 p.m.

- On May 3, the defendant left his residence at 2:14 a.m. and returned at 2:28 a.m. Later that night, the defendant left his residence at 8:39 p.m. and was frequently in and out until 11:10 p.m. At 8:54 p.m., the defendant was informed that his ankle bracelet battery was low.

- Between May 4 and 8, Probation could not monitor the defendant's location due to his failure to charge his ankle monitor despite receiving several notifications about its low battery.

- On May 8, the defendant charged his ankle monitor at 10:37 p.m. and returned home at 10:40 p.m.

- On May 9, the defendant left his residence at 8:32 p.m. and returned at 8:50 p.m.

- On May 10, the defendant did not arrive home until 8:42 p.m.

- On May 11, the defendant left his residence at 1:08 a.m. and continued to come in and out until 6:47 a.m. Later that night, the defendant failed to return home by 8:00 p.m. and did not return until 1:18 a.m. on May 12.

- On May 12, the defendant was notified of his ankle monitor's low battery several times throughout the day, including at 9:46 a.m. The defendant failed to arrive home by 8:00 p.m. and was continuously coming in and out until 12:24 a.m. on May 13.

- On May 13, the defendant was notified of his ankle monitor's low battery at 12:54 a.m. and 6:04 a.m., but he continued to ignore alerts and outreach. He left his residence at 9:41 p.m. and did not return home until 7:42 a.m. on May 14.

- On May 14, the defendant failed to return home by 8:00 p.m. and stayed out until 7:29 a.m. on May 15.

- Last night, on May 15, the defendant was out past his curfew from approximately 9:00 p.m. until approximately 5:00 a.m. this morning, and he left home again around 6:00 a.m. this morning for approximately one hour.

Officer Hirsch has made the defendant aware of his bail conditions, the need to charge his ankle monitor, and the need to comply with his curfew. Her efforts have been unavailing.

## II.     Applicable Law

Pursuant to 18 U.S.C. § 3143(a)(1), "the judicial officer shall order that a person who has been found guilty of an offense and who is awaiting imposition or execution of sentence, . . . , be detained, unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released." This standard is incorporated in Rule 32.1, the rule governing the revocation of supervised release, and has been affirmed by the Second Circuit as applicable to revocation proceedings. *See United States v. Grady*, 818 F. App'x 86, 88 (2d Cir. July 7, 2020).[1]

In turn, 18 U.S.C. § 3143 incorporates by reference many of the release and detention standards outlined in 18 U.S.C. § 3142. A person who has been released on bail pursuant to 18 U.S.C. § 3142, and who has violated a condition of his release, is subject to a revocation of release, an order of detention, and a prosecution for contempt of court. 18 U.S.C. § 3148(a). The Bail Reform Act provides, as relevant here, that the court "shall enter an order of revocation and detention if, after a hearing," the court finds that there is "clear and convincing evidence that the person has violated any . . . condition of release" and finds that "the person is unlikely to abide by any condition or combination of conditions of release." 18 U.S.C. § 3148(b).

## III.    Discussion

Unfortunately, the defendant has demonstrated a continued disregard for the conditions of his bail that were ordered by this Court, and the Government has serious doubts that he will abide by these conditions moving forward. He is neither responsive to nor following the instructions of Officer Hirsch, he has failed to report for at least one drug test, he is only intermittently charging his ankle monitor, and he is flagrantly violating his curfew. As a result, Probation is unable to meaningfully supervise him.

---

[1] Every circuit court that has addressed this issue has applied the same standards. *See, e.g.*, *United States v. Ruiz-Morales*, No. 20-1546, 2020 WL 7230764, at *1 (1st Cir. July 23, 2020); *United States v. Wroblewski*, 816 F.3d 1021, 1024 (8th Cir. 2016); *United States v. Goode*, No. 12-7360, 2012 WL 5447975, at *1 (4th Cir. Nov. 8, 2012); *United States v. Lacour*, No. 11-50721, 2012 WL 1621364, at *1 (5th Cir. May 9, 2012); *United States v. Brigham*, 569 F.3d 220, 229 (5th Cir. 2009); *United States v. Smith*, 500 F.3d 27, 31 & n.3 (1st Cir. 2007); *United States v. Loya*, 23 F.3d 1529, 1530-31 (9th Cir. 1994).

Probation believes that remand is appropriate because the defendant is willfully ignoring his obligations to the Court and is in clear violation of his bail conditions. The Government defers to Probation and believes it would be prudent for the parties to appear for a bail revocation hearing on May 20, 2025. If at the hearing the Court determines that the defendant was aware of his bail conditions, has violated them, and is "unlikely to abide" by them in the future, 18 U.S.C. § 3128(b)(2)(B), revocation would be appropriate.

In his May 16, 2025 letter, the defendant claims that the Court cannot detain him because he is merely charged with violating conditions of supervised release, pursuant to *United States v. Mercado*, 2025 WL 297429 (D. Conn. Jan. 22, 2025). The defendant is wrong for the reasons articulated by the numerous courts around the country that have considered and rejected the reasoning and holding in *Mercado*.[2] *See, e.g.*, *United States v. Phillips*, No. 21-030-JLR, 2025 WL 484706 (W.D. Wash. Feb. 13, 2025); *United States v. Malta*, No. 6:09-CR-6018-MAV (W.D.N.Y. Feb. 18, 2025); *United States v. Richardson*, No. 5:20-CR-00158-BO, 2025 WL 998884 (E.D.N.C. Mar. 11, 2025); *United States v. Ceasar*, No. 17-CR-48, 2025 WL 974547 (E.D.N.Y. Apr. 1, 2025), *appeal pending*, No. 25-997 (2d Cir.); *United States v. DeShaw*, No. CR 21-30-BU-DLC, 2025 WL 1024315 (D. Mont. Apr. 7, 2025); *Taylor*, 2025 WL 1076826; *United States v. Stubbs*, 2025 WL 1094293 (W.D.N.Y. Apr. 11, 2025); *United States v. Thompson*, No. CR 19-20-CFC, 2025 WL 1114740 (D. Del. Apr. 15, 2025); *Clark*, 2025 WL 1135075. In this district, Judge Liman recently rejected a bail application based on the same reasoning underpinning

---

[2] The reasoning in *Mercado* was followed in three opinions issued by the same Magistrate Judge in the Western District of New York. Those opinions, *United States v. Taylor*, No. 1:11-cr-290-RJA-HKS, 2025 WL 914064 (W.D.N.Y. Mar. 26, 2025); *United States v. Clark*, No. 1:17-CR-0043-LJV-JJM, 2025 WL 875458 (W.D.N.Y. Mar. 21, 2025); *United States v. Wade*, No. 1:09-CR-260-WMS-JJM, 2025 WL 786383 (W.D.N.Y. Mar. 12, 2025), were either explicitly or implicitly overturned by the District Judge in *United States v. Taylor*, No. 11-CR-290-A, 2025 WL 1076826 (W.D.N.Y. Apr. 10, 2025) and *United States v. Clark*, No. 17-CR-43-LJV-JJM, 2025 WL 1135075 (W.D.N.Y. Apr. 17, 2025).

*Mercado*. *See United States v. Ransom*, 21 Cr. 635 (LJL), Dkt. 32, Apr. 4, 2025 Minute Entry. This Court should likewise reject *Mercado* and should proceed with the bail revocation hearing.

                              Respectfully submitted,

                              JAY CLAYTON
                              United States Attorney for the
                              Southern District of New York

By: _____
      Chelsea L. Scism
      Jonathan Bodansky
      Assistant United States Attorneys
      (212) 637-2105 / -2385

cc:    Jonathan Marvinny, counsel to Roger Mercedes (by ECF)
       United States Probation Officer Alexandria Hirsch (by email)